UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH MIZZONI,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>STATE OF NEVADA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:15-cv-00313-MMD-VPC<br><br>ORDER |

**I.　DISCUSSION**

Currently pending are several motions filed by Plaintiff, including: motion seeking permission to know due process of FRCP and laws to this case number and request to add one defendant (dkt no. 8); motion seeking permission to receive emergency injunctive relief (dkt no. 11); motion seeking permission to receive emergency injunctive relief under FRCP 60(b) and judicial notice (dkt. no. 13); motion seeking permission to receive emergency injunctive relief for neck injury by defendants and add defendants for non-medical treatment (dkt. no. 14); motion seeking permission to report retaliation to the plaintiff by assaults and drugging him illegally to cause an incident (dkt. no. 15); motion seeking permission to receive emergency injunctive relief for left kidney/testicle injury done on March 28, 2015 (dkt. no. 16).

On January 4, 2016, the Court issued an order allowing Plaintiff to proceed on his First Amendment retaliation and Eighth Amendment excessive force claims against defendants C. Smith, Ardinger, and Robertson. (Dkt. no. 5 at 1-2.) The Court further stayed the case for ninety (90) days to allow Plaintiff and Defendants an opportunity to

settle their dispute. During the 90-day stay period, the Court directed: "[N]o other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery." (*Id.* at 2.) The Court issued a later order setting the mediation for April 26, 2016. (Dkt. no. 10.)

Plaintiff's pending motions were all filed subsequent to the stay issued in this case, contrary to the Court's directive that no pleadings or papers should be filed. The Court has conducted a preliminary review of all of Plaintiff's motions. The Court will deny all of these motions without prejudice due to the temporary stay in this case, with the exception of the motion seeking permission to receive injunctive relief for neck injury (dkt. no. 14).

**A.     Motion for Injunctive Relief Re: Neck Injury (Dkt. no. 14)**

On March 7, 2016, Plaintiff filed an emergency motion for injunctive relief regarding a neck injury. (Dkt. no. 14.) In the motion, Plaintiff alleges that, due to the incidents that occurred on March 28, 2015, that are the subject of his complaint (dkt. no. 4), he sustained severe neck injuries and he has not received treatment for, beyond x-rays taken in September 2015. (Dkt. no. 14 at 3.) He further alleges that on February 28, 2016, while he was sleeping, his "vertebrae popped out and pulled [his] spinal cord and muscle like [his] neck is broken on one side." (*Id.*) Plaintiff has filed numerous grievances regarding his neck injury. (*Id.*) Plaintiff fears that lack of treatment will result in him becoming permanently paralyzed.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn,"

must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court finds that, based on the facts alleged in the complaint regarding the use of excessive force and the present motion, Plaintiff has alleged a colorable excessive force claim (*see* dkt. no. 3 at 6) and that, based on the nature of the allegations, Plaintiff could likely suffer irreparable harm for the failure to receive treatment for his neck injury. As such, the Court orders that the Attorney General's Office will have seven (7) days from the date of this order to file their response to Plaintiff's motion for preliminary injunction. The Court will not allow Plaintiff to add any additional defendants at this time.

## II.   CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motion seeking permission to know due process of FRCP and laws to this case number and request to add one defendant (dkt no. 8) is denied without prejudice.

It is further ordered that Plaintiff's motion seeking permission to receive emergency injunctive relief (dkt no. 11) is denied without prejudice.

It is further ordered that Plaintiff's motion seeking permission to receive emergency injunctive relief under FRCP 60(b) and judicial notice (dkt. no. 13) is denied without prejudice.

It is further ordered that a decision on Plaintiff's motion seeking permission to receive emergency injunctive relief for neck injury by defendants and add defendants for non-medical treatment (dkt. no. 14) is deferred.

It is further ordered that Plaintiff's motion seeking permission to report retaliation to the plaintiff by assaults and drugging him illegally to cause an incident (dkt. no. 15) is denied without prejudice.

It is further ordered that Plaintiff's motion seeking permission to receive emergency injunctive relief for left kidney/testicle injury done on March 28, 2015 (dkt. no. 16) is denied without prejudice.

It is further ordered that Defendants' request for instruction (dkt. no. 17) is granted.

It is further ordered that Defendants file a response to Plaintiff's motion seeking permission to receive emergency injunctive relief for neck injury by defendants (dkt. no. 14) within seven (7) days of the date of entry of this order.

DATED THIS 1st day of April 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE