UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH MIZZONI, <br><br> Plaintiff, <br> v. <br> STATE OF NEVADA, et al., <br><br> Defendants. | Case No. 3:15-cv-00313-MMD-VPC <br><br> ORDER |

**I.    DISCUSSION**

On January 4, 2016, the Court entered an order referring the case to mediation and allowing Plaintiff to proceed on his retaliation and excessive force claims. (ECF No. 6.) This matter is set for mediation on May 31, 2016. (ECF No. 31.) On March 7, 2016, Plaintiff filed the motion for injunctive relief that is the subject of this order. (ECF No. 14.) On April 1, 2016, the Court entered an order directing Defendants to file a response to Plaintiff's motion for injunctive relief re: neck injury. (ECF No. 22.)

On April 8, 2016, Defendants filed their response along with several declarations and exhibits, including Plaintiff's medical files/record, investigation detail reports, grievances, and grievance logs. (ECF Nos. 25-1, 25-2, 25-3, 25-4, 25-5, 25-6, 25-7, 25-8, 26.)

In Plaintiff's motion, he alleges that, due to the March 28, 2015, incident at Northern Nevada Correctional Center ("NNCC") that is the subject of this case, he sustained severe neck injuries that have not been treated and that he fears becoming paralyzed. (ECF No. 14 at 3.)

The Investigation Detail Report from the March 28, 2015, incident indicates Plaintiff was brought to medical for evaluation immediately following the incident and he was treated for a laceration above his left eye and abrasions to his knees. (ECF No. 25-1 at 3, 5.) The report does not indicate any complaints of neck injury by Plaintiff at that time.

Plaintiff filed several grievances about the March 28, 2015, incident. The response to Plaintiff's grievances indicate he was seen by medical on the day of the incident (March 28), and subsequently on March 31, April 9, April 17, May 20, and by an orthopedist on June 2, 2015. (ECF No. 25-7 at 30, 36.) Plaintiff was prescribed Tylenol and Baclofen for pain. (*Id.*) During that timeframe, many of his complaints centered around his hands and wrists, which were x-rayed on April 9, 2015. (*Id.* at 36, 37.) On July 22, 2015, Plaintiff had x-rays taken of his back, due to his complaints of back pain. (ECF No. 26-1 at 5.) The report noted "narrowing disc space at LS-S1" and "no acute fracture." (*Id.*)

Plaintiff was transferred to Ely State Prison in August 2015. On September 4, 2015, he had an x-ray taken of his neck. (ECF No. 26-1 at 7.) The x-ray indicated "no fracture or subluxation is evident" and "moderate degenerative changes are evident at C5-C6." (*Id.*)  Following his x-ray, Plaintiff filed numerous grievances requesting a specialist for further treatment "to see if something can be done and/or surgery to correct this serious injury." (ECF No. 25-7 at 42.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn,"

must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies Plaintiff's motion for emergency injunctive relief. (ECF No. 14.) After reviewing the response, declarations, and exhibits, the Court finds that Plaintiff is unlikely to suffer irreparable injury at this time in the absence of preliminary relief. Plaintiff has been seen by physicians multiple times for his back and neck pain and has had x-rays taken of both. These x-rays did not indicate that he should have surgery as Plaintiff appears to be seeking. While he may want different medical care than he has received, that is not the standard for issuing a preliminary injunction.  Plaintiff was seen immediately after the incident at issue and multiple times thereafter. At that time, his complaints focused on other injuries, most specifically his hands and wrists. Plaintiff's complaints of neck and back pain only came later and have been treated and evaluated. While Plaintiff has fears of paralysis, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (internal citations omitted) (emphasis in original). Plaintiff's motion fails to meet the required standards for granting preliminary injunctive relief. *See Am. Trucking Assn's,* 559 F.3d at 1052.

**II.     CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's motion for preliminary injunction (ECF No. 14) is denied.

It is further ordered that Defendants' motion for leave to file confidential documents under seal (ECF No. 24) is granted.

///

///

///

1 It is further ordered that Plaintiff's motion to respond to Defendants' request for
2 instruction (ECF No. 23) is granted. The Clerk of the Court is directed to send a copy of
3 the Screening Order (ECF No. 3) to Plaintiff.

4 DATED THIS 17th day of May 2016.

```
                                        _____
                                        MIRANDA M. DU
                                        UNITED STATES DISTRICT JUDGE
```