UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSEPH MIZZONI,

Plaintiff,

v.

C/O ALLISON, *et. al.*,

Defendants.

Case No. 3:15-cv-00313-MMD-VPC

ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE

## I.     SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 71) ("R&R") relating to Defendants' Motion for Summary Judgment ("Defendants' Motion") (ECF No. 52). The Magistrate Judge recommends granting summary judgment on Plaintiff's retaliation claim and denying summary judgment on Plaintiff's excessive force claim. (ECF No. 72.) Defendants filed their partial objection to the R&R. (ECF No. 74.) Defendant Steven Crowder filed a joinder to Defendants' partial objection. (ECF No. 79.) Plaintiff did not file an objection or a response to Defendants' partial objection.

## II.     BACKGROUND

After screening pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed on his First Amendment retaliation claim and Eighth Amendment excessive force claims as alleged in his first amended complaint. (ECF No. 41.) The excessive force claim arises from an incident on March 28, 2015 at Northern Nevada Correction Center ("NNCC") where Plaintiff alleged he was severely beaten with his head slammed

against the concrete floor several times, dragged across the prison yard, among other things, after a search of his cell. (ECF No. 40 at 5-6, 10-11, 14-16.) The relevant facts are recited in the R&R, which this Court adopts. (ECF No 71.)

## III.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is

2

"genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.  DISCUSSION

The Magistrate Judge recommends granting summary judgment on Plaintiff's First Amendment retaliation claim and denying summary judgment on Plaintiff's Eighth Amendment excessive force claim asserted against Defendants C. Smith, Ardinger, Allison, Henley, Roberson, John Hill, Lee Grider, Hightower, Crowder, and Garnica. The

Court will adopt the recommendation to grant summary judgment on Plaintiff's retaliation claim to which Plaintiff does not object. *See Thomas*, 474 U.S. at 149. The Court will conduct a *de novo* review to determine whether to adopt the recommendation to deny summary judgment on the excessive force claim to which Defendants object.

Defendants raise two primary arguments in their objection. First, Defendants argue that they presented evidence which prove, both directly and circumstantially, that they did not use excessive force and therefore satisfy their burden of production. Defendants argue in the alternative that the evidence they offered does not support Plaintiff's allegations and therefore show a lack of any evidence supporting Plaintiff's case. Defendants contend that under either scenario, they have satisfied their burden of production and are entitled to summary judgment because Plaintiff did not provide evidence sufficient to create a genuine issue of material fact, particularly when they offered extensive documents, including incident reports, disciplinary reports, medical records, pictures, sworn declarations, in support of their Motion. Second, Defendants argue that Plaintiff cannot rely on his own declaration to create a genuine issue of material fact. However, both arguments are grounded on Defendants' contention that Plaintiff's declaration is conclusory and insufficient to defeat summary judgment. The Court disagrees.

First and foremost, the Court must consider Plaintiff's FAC as well as his opposition brief to determine whether a genuine issue of material fact exists to preclude summary judgment. *See Jones v. Blanas,* 393 F.3d 918, 923 (9th Cir. 2004) (finding that courts must consider a pro se party's contentions offered in motions and pleadings as evidence in his opposition to the motion for summary judgment "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct.") Plaintiff attested to the facts stated in his opposition to Defendants' motion and signed his opposition brief under penalty of ///
perjury. (ECF No 60 at 35.) Plaintiff also signed his FAC under penalty of perjury. In fact,

4

the FAC makes detailed allegations as to the excessive nature of the force used.[1] Thus, Defendants' argument that Plaintiff failed to offer evidence in opposition to their Motion is without merits.

Moreover, the Court agrees with the Magistrate Judge's findings that the competing evidence presented by the parties show versions of the events that "clearly differ." (ECF No. 71 at 10.) Plaintiff describes the force used as "maliciously and sadistically" applied and causing him injuries and continued pain. (ECF No. 60 at 10-11, 21.) Viewing all facts and drawing all inferences in Plaintiff's favor, the Court agrees with the Magistrate Judge that a reasonable jury could find that the force used was excessive.

## V. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 71) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 52) is granted as to Plaintiff's retaliation claim and denied as to Plaintiff's excessive force claim.

DATED THIS 15th day of August 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1]For example, Plaintiff alleged that shortly after Smith hand wrestled him to the ground and placed him in handcuffs, several other correctional officers, including Allison, Ardinger, and Henley, arrived, jumped on Plaintiff, stepped on him, dragged him, put him in a chokehold, and Henley began to slam Plaintiff's head into the concrete floor repeatedly, saying "you hit my c/o?" (ECF No. 40 at 5.) According to Plaintiff, correctional officers, including John Hill, Lee Grider, Hightower, Henley, and Crowder, then dragged Plaintiff from the unit, across the courtyard, to RMF Unit 8 (*id.* at 6, 14-15); and Hill pulled Plaintiff's left thumb backwards to break it and the other correctional officers were bending his cuffed wrists upward which caused severe pain (*id.*)