UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSEPH MIZZONI,

Plaintiff,

v.

C/O ALLISON, *et al.*,

Defendants.

Case No. 3-15-cv-00313-MMD-VPC

ORDER

**I.     SUMMARY**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Valerie P. Cooke (ECF No. 123) relating to Plaintiff Joseph Mizzoni's motion seeking permission to file a spoliation/destruction of video tape evidence against defendants for relief under Fed. R. Civ. P. 6 ("Spoliation Motion") (ECF No. 91). Defendants Joseph Allison, Robert Ardinger, Nathan Garnica, Lee Grider, Sgt. John Henley, Joel Hightower, John Hill, Sgt. Juliette Roberson, Chris Smith, and Steven Crowder responded to Plaintiff's Spoliation Motion (ECF No. 102), and Plaintiff replied (ECF No. 103). The Magistrate Judge held a hearing on the Spoliation Motion on January 11, 2018 (ECF No. 109) and issued her R&R on April 4, 2018. Defendants filed an objection (ECF No. 126), as did Plaintiff (ECF No. 129). The Court has reviewed the parties' respective responses. (ECF Nos. 134, 135.) For the reasons discussed below, the Court accepts and adopts the R&R in its entirety.

///

///

## II. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). (*See* ECF No. 91 at 1.) Proceeding *pro se* and pursuant to 42 U.S.C. § 1983, Plaintiff brings claims for First Amendment retaliation and Eighth Amendment excessive force against several NDOC and Northern Nevada Correctional Center ("NNCC") officials. (ECF No. 41 at 1.) Plaintiff's claims concern his involvement in a physical altercation with multiple correctional officers at NNCC. (*See id.* at 4.)

Plaintiff alleges that he confronted Defendant Chris Smith on March 28, 2015, in the rotunda of housing Unit 5 about a cell search. (*Id.*) Smith allegedly ordered Plaintiff to put his hands on the wall, and although Plaintiff complied, Smith forcefully wrestled Plaintiff to the ground and handcuffed him. (*Id.*) Plaintiff contends that there were inmates present during this physical altercation and that there is a video camera in Unit 5 that would have captured the incident. (*See* ECF No. 40 at 5.)

Officers allegedly arrived shortly after and dragged Plaintiff to another area in the rotunda, which Plaintiff speculates was out of view of both the Unit 5 camera and inmates in the vicinity. (*See id.*) Plaintiff alleges that the officers beat him so badly that he lost consciousness twice. (*Id.* at 6.) Plaintiff believes that Defendant Roberson "took pictures and video of the whole in[c]ident in Unit 5" because he saw her point the camera at him while the other defendant officers beat him. (*Id.* at 12.) Finally, Plaintiff alleges that he suffered further physical abuses while being escorted to the infirmary in Unit 8 and back to his cell. (ECF No. 41 at 4-5.) Defendants dispute Plaintiff's version of events. (*See, e.g.*, ECF No. 52 at 3.)

Plaintiff requested video footage and photographs of the incident in the weeks following the incident. (*See, e.g.*, ECF No. 91 at 2.) Plaintiff requested all video footage and still pictures "from inside Unit 5 to 7-A-38" that were recorded on the date of the physical altercation. (*Id.* at 8.) Plaintiff did not receive any such footage.

Plaintiff filed his Spoliation Motion on September 5, 2017. (ECF No. 91.) Plaintiff argued that Defendants engaged in intentional spoliation of video footage from Units 4, 5,

1  7, and 8 as well as handheld footage that would have been incriminating to Defendants.
2  (*See id.* at 3.)

3  The Magistrate Judge held a hearing and issued an R&R imposing sanctions on Defendants for spoliation of the video footage from the Unit 5 camera. (ECF No. 123 at 8.) Regarding the handheld camera footage, the Magistrate Judge found that sanctions could not issue because no handheld footage ever existed. (*Id.* at 6.) Regarding the footage from surveillance cameras in Units 4, 7, and 8, the Magistrate Judge found that Plaintiff failed to establish that Defendants had a duty to preserve such footage. Plaintiff did not offer any evidence or argument that these cameras captured images of potential witnesses or the officers' alleged use of force. (*Id.* at 7.)

The Magistrate Judge recommended permitting the parties to present evidence and argument to the jury that Plaintiff asked for this video footage; that the prison had a duty to preserve the footage; and that the video would have shown there were other inmates present in the wings of the Unit 5 rotunda that may have witnessed the incident between Plaintiff and Smith. (*Id.* at 15-16.)

### III. LEGAL STANDARD

#### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then this Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

///

///

## B. Spoliation

The Court adopts the standard for evaluating spoliation of evidence described in the R&R. (ECF No. 123 at 4.)

## IV. DISCUSSION

### A. Defendant's Objections

Defendants object that the Unit 5 footage is not relevant to this case because there has never been evidence that the footage depicts the incident itself. (ECF No. 126 at 7.) Whether the footage depicts the incident itself is beside the point—it is relevant to Plaintiff's claims because it depicts witnesses to the incident, witnesses whom Plaintiff might have called to testify on his behalf at trial. Consequently, Defendants' first objection will be overruled.

Defendants further object that any prejudice Plaintiff has suffered results from this Court's order denying discovery, not the lack of Unit 5 footage. (*See id.* at 8-9; ECF No. 109 (denying Defendants' motion for limited expedited discovery).) Defendants argue that Plaintiff could have identified witnesses to the incident even without the Unit 5 footage by making discovery requests for NDOC records showing which individuals were housed in Unit 5 at the time of the incident. (*Id.* at 9.) Defendants' argument is unpersuasive because Plaintiff is under no obligation to prosecute his case in such a way as to render Defendants' spoliation harmless. Moreover, the video footage could have helped Plaintiff verify whether he had correctly identified all the witnesses to the incident. While Defendants may have litigated Plaintiff's case differently, the fact remains that Plaintiff has been prejudiced in the absence of the Unit 5 footage.

### B. PLAINTIFF'S OBJECTIONS

Plaintiff objects that the Magistrate Judge's finding regarding the relevance of the video footage from the handheld camera and Units 4, 7, and 8. (ECF No. 129 at 3, 7.) Plaintiff does not explain how the video footage from Units 4, 7, and 8 are relevant and does not provide any evidence to rebut Defendants' assertion that those videos do not

depict the incident or any witnesses. With respect to the handheld camera footage, Plaintiff does not explain how the Court can sanction spoliation of evidence that never existed in the first place, though the Court recognizes Plaintiff's frustration with NNCC's alleged failure to follow its own protocols. Accordingly, the Court does not find that the Magistrate Judge erred in concluding that footage from the handheld camera and Units 4, 7, and 8 was not relevant.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Magistrate Judge Valerie P. Cooke's Report and Recommendation (ECF No. 123) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's objection (ECF No. 129) is overruled.

It is further ordered that Defendants' objection (ECF No. 126) is overruled.

It is further ordered that Plaintiff's Spoliation Motion (ECF No. 91) is granted in part and denied in part. It is denied to the extent that Plaintiff requests some sort of dismissal sanction or *per se* adverse inference instruction. It is granted in that the spoliation of the video evidence may be imputed to Defendants and that as a sanction Plaintiff is permitted to present evidence and argument to the jury that he asked for this video footage; that the prison had a duty to preserve the footage, and that the video would have shown there were other inmates present in the wings of the Unit 5 Rotunda who may have witnessed the incident between Plaintiff and Smith.

DATED THIS 14th day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE